# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS C. WHITE,

      Plaintiff,

v.

XPO LOGISTICS,

      Defendant.

Case No. 18-CV-1731-JPS

**ORDER**

   Plaintiff filed a *pro se* complaint for alleged wrongful termination from his employment. (Docket #1). This matter comes before the court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the fee. 28 U.S.C. §§ 1915(a). Plaintiff avers that he is now unemployed and collects some government assistance funds. (Docket #2 at 2). Plaintiff's monthly expenses exceed $2,400. *Id.* at 2–3. Plaintiff's sworn statements reveal that he would be unable "to provide himself . . . with the necessities of life" if required to pay the $400.00 filing fee in this matter. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Court will therefore grant his motion for leave to proceed *in forma pauperis*.

   However, notwithstanding the payment of any filing fee, the Court must dismiss the complaint of a person proceeding *in forma pauperis* if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A

claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was formerly employed by Defendant. (Docket #1 at 2). In September 2017, he requested a transfer to first shift. *Id.* His request was denied, but Plaintiff says that five other co-workers were permitted to transfer to first shift soon afterward. *Id.* Plaintiff says he "was discriminated and treated unfairly." *Id.* (spelling altered). Next, in November 2017, Plaintiff had a conversation with "Mark," the CEO of the company. *Id.* at 3. Mark said that "the company must get rid of the cancer" and Plaintiff was later fired. *Id.* Plaintiff reiterates that "I feel I was treated unfair and unjust." *Id.* (spelling altered).

Plaintiff's complaint fails to invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Diversity jurisdiction is clearly lacking, as both Plaintiff and Defendant are located in Wisconsin.

Plaintiff checked the box on the complaint form stating that he intended to sue "for a violation of federal law[.]" (Docket #1 at 4). However, his allegations do not support a claim for violation of any employment-related statutes. One potential fit may be Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination in employment on the basis of a person's membership in certain protected classes, which are "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). However, Plaintiff's vague references to unfairness and discrimination do not state a claim for a violation of Title VII's anti-discrimination provisions. Indeed, it appears the Equal Employment Opportunity Commission has already investigated Plaintiff's complaints. (Docket #1-1). The EEOC's investigation did not establish any violation of an employment-related statutes. *Id.* Without further explanation from Plaintiff, the Court cannot conclude that he suffered a negative employment action because of his membership in a protected class.

The Court will afford Plaintiff an opportunity to amend his complaint to cure the deficiencies described in this Order. If he wishes to proceed, he must file an amended complaint on or before **November 29, 2018**. Failure to file an amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended

pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **November 29, 2018**, or this action will be dismissed without prejudice for his failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge