# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS C. WHITE,

                  Plaintiff,

v.

XPO LOGISTICS,

                  Defendant.

Case No. 18-CV-1731-JPS

**ORDER**

On November 8, 2018, the Court screened Plaintiff's *pro se* complaint. (Docket #4). The complaint alleged that Plaintiff was denied a transfer to a different shift when other co-workers were permitted to do so. *Id.* at 3. Later, Plaintiff had a discussion with his supervisor, who said that the company needed to get rid of some "cancer," suggesting that Plaintiff was part of the "cancer." *Id.* Plaintiff was soon fired. *Id.* Plaintiff complained that both of these acts were unfair and the result of "discrimination." *Id.* at 3.

The Court concluded that Plaintiff's allegations did not invoke its subject-matter jurisdiction. *Id.* First, diversity was clearly lacking, as both Plaintiff and Defendant are citizens of Wisconsin. *Id.* Second, Plaintiff's allegations did not present any issues of federal law. *Id.* at 4. In particular, though Plaintiff suggested that he had been wrongfully terminated from his employment with Defendant, his allegations did not state a claim under any federal employment statutes. *Id.* The Court gave Plaintiff leave to amend his complaint to correct this deficiency. *Id.* Plaintiff filed an amended complaint on November 28, 2018. (Docket #5).

Plaintiff's amended complaint still fails to state a viable claim under federal law. It still mentions the shift assignment issue and the cancer

comment, though only briefly. *Id.* at 8. Rather, the amended complaint focuses on the events directly preceding Plaintiff's termination. *Id.* at 3–8. Plaintiff states that one day, he asked for permission to take some scrap metal from the company's dumpster. *Id.* at 3. He suspects this was a "setup" by his superiors, because the police soon contacted him about a potential theft of the scrap material and cited him for that offense. *Id.* Plaintiff was terminated because of this incident. *Id.* at 4. Plaintiff complains that his termination was "unfair" because he had been given permission to take the material. *Id.* Plaintiff then mentions some discussions he had with human resources personnel and a complaint he filed about the termination. *Id.* at 6–7.

As the Court told Plaintiff in its original screening order, federal law prohibits discrimination in employment on the basis of a person's membership in certain protected classes, which are "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Merely being treated unfairly at work is not a violation of federal law, unless the treatment was done solely because of the employee's membership in one of those protected classes. Plaintiff's amended complaint still fails to connect any of the negative employment actions taken against him with his membership in one of the protected classes.[1] Having already been afforded an opportunity to amend his complaint, and having done so without success, the Court need not extend Plaintiff another such opportunity. This case

---

[1] Plaintiff queries: "Why is this not a Federal question? 28 U.S.C. § 1331 and 1332a clearly states it is. XPO is a Global Company not just a Wisconsin Business?" Plaintiff misunderstands the meaning of the phrase "federal question." A federal question only arises when federal law is implicated, such as Title VII. *See* (Docket #4 at 3–4). Plaintiff's allegations do not state any federal claims. The scope of Defendant's business—whether local, national, or international—is irrelevant.

must, instead, be dismissed without prejudice for want of subject-matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge